

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 21, 1961

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-1078

Re: Whether the Texas Education
Agency, by processing and
evaluating the application
for teacher certificates or
permits authorized under Art.
2891b, V.C.S., other than
transition certificates, per-
forms all the duties contem-
plated by the statute and
thereby earns the fees pre-
scribed whether or not there
is issuance of the certificate
Dear Mr. Edgar:                       or permit sought.

We have received your letter of May 30, 1961, in
which the following questions are set forth:

"1. Does this State Agency, by processing
and evaluating the applications for teacher cer-
tificates or permits authorized under Article
2891b, V.C.S. other than transition certificates,
perform all the duties contemplated by the sta-
tute and thereby 'earn' the fees prescribed whe-
ther or not there is issuance of a certificate
or permit sought?

"2. Should such prescribed fees forwarded
with proper applications for teacher certificates
or permits that may be on deposit in a suspense
fund and all such prescribed fees which may be
received in the future be deposited direct to the
proper account in the State Treasury?"

You have called our attention to the following perti-
nent portions of the Teacher Certification Act of 1955 (Art.
2891b, V.C.S.):

"Section 3. . . . No applicant shall receive a teacher certificate of any class or kind, except as otherwise provided herein, without first depositing with the State Commissioner of Education the application fee prescribed to be paid under the provisions of this Act for the particular type or class of certificate requested. . . .

"Sec. 8. . . .

"The provisional certificate shall be permanent . . . An application fee of Two Dollars shall be paid by each applicant for the certificate provided for herein.

"Sec. 9. . . . The professional certificate shall be permanent . . . An application fee of Three Dollars shall be paid by each applicant for the certificate provided for herein.

"Sec. 11. An emergency permit to teach, valid for not more than one (1) scholastic year . . . An application fee of One Dollar shall be paid by an applicant for the permit authorized herein, and for each necessary renewal thereof.

"Sec. 13 (c). Any person who applies for a Texas teacher certificate on credentials from another State, . . . may be issued . . . an emergency permit. . . . Provided further, the applicant shall be required to pay a fee of Two Dollars for the permit authorized herein, and a further fee for the issuance of a valid Texas teacher certificate when he qualifies and makes application therefor, and in the amount provided in this Act.

"Sec. 12. Transition Certificate Issuance.

". . .

Honorable J. W. Edgar, page 3 (WW-1078)

"(7) . . . Provided further, that there shall be no fee charged for the application or issuance of the class of new (transition) certificate authorized to be issued under the subdivision of this section."

This office has long taken the position that teachers' certificate and permit application fees are earned by the Texas Education Agency when that agency processes the application. Attorney General's Opinion No. R-1839 (1949); Attorney General's Opinion No. 0-7221 (1946). Although there have been a number of minor changes in the pertinent statutes since those opinions were rendered, none of them would seem to bear so directly upon this question as to warrant discussion. The answer to your first question is therefore "yes", that such fees are earned regardless of whether or not a certificate or permit is issued.

In answer to your second question, it is our opinion that the fees so collected should be deposited directly to the proper account in the State Treasury. Since the fees are earned even should no certificate or permit issue, there is no need for placing them in a suspense fund. Attorney General's Opinion No. R-1839 (1949) similarly dealt with this question.

## SUMMARY

The Texas Education Agency, by processing and evaluating applications for teachers' certificates and permits, becomes entitled to retain the application fees imposed by the Teacher Certification Act of 1955 (Art. 2891b, V.C.S.). Such application fees are not to be returned to the applicant if no certificate or permit is issued. They are to be deposited directly to the proper account in the State Treasury. The use of a suspense fund is not necessary.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Gilbert Hargrave_
Gilbert Hargrave

GH:hmc

Honorable J. W. Edgar, page 4 (WW-1078)


APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Fred Werkenthin
Thomas Burros
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt